```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

WAYNE L. DAVIS,                )
                               )
              Plaintiff,       )
                               )
         v.                    )    No. 4:09-CV-1436-CDP
                               )
MELISSA RING,                  )
                               )
              Defendant.       )


## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Wayne L. Davis' application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition on the ground that petitioner failed to exhaust available state remedies.

### The petition

Petitioner, a resident at the Southeast Mental Health Center, is challenging a Phelps County conviction for first degree robbery and armed criminal action. He states that he entered a plea of not guilty by reason of insanity and that he was "forced to plea under direct coercion." Petitioner states that he does not know the

date of the judgment of conviction, he did not file a direct appeal, and he did not file in any state court any other petitions, applications, or motions concerning this judgment. For relief, petitioner seeks an order to "[r]escind [his] original plea of N.G.R.I. and punitive damage."

**Discussion**

Upon review of the petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, it is necessary to exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for any person restrained of liberty within the state. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01; see also, Kolocotronis v. Holcomb, 925 F.2d 279 (8th Cir. 1991)(discussing exhaustion requirements for persons acquitted of crime by reason of insanity); Jones v. Ritterbusch, 548 F.Supp. 89, 90 (W.D.Mo. 1982) (same). As such, it appears that petitioner has available state procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this action as <u>Wayne L. Davis v. Melissa Ring</u>.[1]

Dated this 29th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has named Chris Costner as the respondent herein. The proper respondent for a prisoner currently in custody pursuant to a state judgment is the state officer having custody of the petitioner. <u>See</u> 28 U.S.C. § 2254, Rule 2(a). Melissa Ring, Ph.D., Chief Operating Officer of the Southeast Missouri Mental Health Center, is the proper respondent.